IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW R. TIDMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-00632-CV-W-GAF |
| | ) |
| TD AUTO FINANCE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiff Matthew R. Tidmore's ("Plaintiff") Motion to Compel Arbitration and Stay Trial Court Proceedings. (Doc. # 10). Defendant TD Auto Finance, LLC ("Defendant") opposes. (Doc. # 15). For the reasons set forth below, Plaintiff's Motion is GRANTED.

## DISCUSSION

### I. FACTS

On October 15, 2007, Plaintiff purchased an automobile that was financed by Defendant's legal predecessor. (Petition ¶¶ 5-7). This financing was documented on a Retail Installment Contract (the "Contract"). (Doc. # 10-1). The Contract contained a clause stating:

> 21. ARBITRATION. The following Arbitration provisions significantly affect [Plaintiff's] rights in any dispute with [Defendant]. Please read the following disclosures and the arbitration provision that follows carefully before you sign the contract.
>
> 1. If either [Plaintiff] or [Defendant] choose[s], any dispute between [Plaintiff] and [Defendant] will be decided by arbitration and not in court.
>
> 2. If such dispute is arbitrated, [Plaintiff] and [Defendant] will give up the right to a trial by a court or a jury trial.
>
> . . .

1

4. The information that can be obtained in discovery from each other or from third persons in arbitration is generally more limited than in a lawsuit.

5. Other rights that [Plaintiff] and/or [Defendant] would have in court may not be available in arbitration.

Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this contract, arbitration sanction or the arbitrability of any issue), between [Plaintiff] and [Defendant] . . . which arises out of or relates to a credit application, this contract, or any resulting transaction or relationship arising out of this contract shall, at the election of either [Plaintiff] or [Defendant] . . . be resolved by a neutral, binding arbitration and not by a court action.

. . .

This contract evidences a transaction involving interstate commerce. Any arbitration under this contract shall be governed by the Federal Arbitration Act (9 U.S.C. 1, *et seq.*). Judgment upon the award rendered may be entered in any court having jurisdiction.

Notwithstanding this provision, both [Plaintiff] and [Defendant] retain the right to exercise self help remedies and to seek provision remedies from a court, pending final determination of the dispute by the arbitrator. Neither [Plaintiff] nor [Defendant] waive[s] the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provision remedies from a court.

(*Id.* at 2).

This case involves Plaintiff's allegations that Defendant improperly handled Plaintiff's credit account and made improper credit reports in violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1601 *et seq.*, the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 408.555, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, along with wrongfully repossessing Plaintiff's automobile. (*See generally* Petition).

Plaintiff filed suit in the Circuit Court of Cass County, Missouri on June 9, 2014. (*Id.*). Defendant removed the case to this Court on July 17. (Notice of Removal). That same day, Defendant filed its Rule 26 Report. (Doc. # 2). On July 24, Defendant filed its Answer and

2

Case 4:14-cv-00632-GAF   Document 17   Filed 09/29/14   Page 2 of 7

Counterclaim. (Doc. # 5). On August 13, Plaintiff filed his Answer to Defendant's Counterclaim. (Doc. # 7). On August 28, Plaintiff filed the present Motion, requesting this Court compel arbitration and stay all other proceedings. (Doc. # 10).

## II. LEGAL STANDARD

The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, "'declare[s] a national policy favoring arbitration.'" *Nitro-Life Techs., L.L.C. v. Howard*, — U.S. —, 133 S. Ct. 500, 503 (2012) (alteration in original) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). "The FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3, 4). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## III. ANALYSIS

Under the FAA, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4) (emphasis in original).

3

Defendant does not dispute that the Contract contained an arbitration clause. (Doc. # 15, p. 2). However, Defendant argues that Plaintiff has waived any right to compel arbitration by his "unexplained delay in seeking arbitration and the prejudice [Defendant] has incurred and will incur if it were forced to arbitrate." (*Id.*).

In determining whether a party has waived its right to arbitrate, the Eighth Circuit applies a three-factor test, "finding waiver when the party seeking arbitration '(1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions.'" *Erdman Co. v. Phoenix Land & Acquisition, LLC*, 650 F.3d 1115, 1117 (8th Cir. 2011) (quoting *Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc.*, 589 F.3d 917, 920 (8th Cir. 2009)). "When considering these factors, [a court] will resolve in favor or arbitration any doubts concerning . . . [the] allegation of waiver." *Stifel, Nicolaus & Co. Inc. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991) (omission and second alteration in original) (quoting *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 795 F.2d 1393, 1397 n.9 (8th Cir. 1986) (internal quotation marks omitted). However, "[t]o safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007)) (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

The first factor is undisputed. Plaintiff executed the Contract, which contained an extensive arbitration provision and subsequently attached the Contract as an exhibit to this Motion. (*See* Doc. # 10-1). Accordingly, the first factor is satisfied.

Under the second factor, "'[a] party acts inconsistently with its right to arbitrate if the party substantially invokes the litigation machinery before asserting its arbitration right.'"

4

*Erdman*, 650 F.3d at 1118 (quoting *Lewallen*, 487 F.3d at 1090). "A party substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner." *Lewallen*, 487 F.3d at 1090.

Here, Plaintiff has substantially invoked the litigation machinery. Plaintiff, not Defendant, initiated this lawsuit by filing a Petition. Moreover, over a month passed between the time Plaintiff filed his Petition and the time Plaintiff filed the present Motion. During that time, Defendant removed the case to this Court, filed its Rule 26 Report, and served an Answer and Counterclaim on Plaintiff, which Plaintiff also answered. Accordingly, the second factor is also satisfied.

Under the third factor, prejudice can manifest itself in "myriad ways." *Hooper*, 589 F.3d at 923. "The prejudice threshold . . . is not onerous." *Id.* Examples of prejudice include "when . . . parties . . . litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts.'" *Id.* (omissions in original) (quoting *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003)). "Additionally, a party's failure to assert a prelitigation demand for arbitration may contribute to a finding of prejudice because the other party has no notice of intent to arbitrate." *Stifel*, 924 F.2d at 159. However, "[d]elay in seeking to compel arbitration does not itself constitute prejudice." *Id.* The prejudice requirement must be demonstrated "even when the party who belatedly seeks to arbitrate commenced the litigation," but in these situations, "'whether inconsistent actions constitute prejudice is determined on a case-by-case basis.'" *Erdman*, 650 F.3d at 1119 (quoting *Stifel*, 924 F.2d at 159).

Here, Defendant fails to demonstrate that it will suffer prejudice if the case is sent to arbitration. Defendant argues that prejudice will result because it has already researched the law

5

necessary to file its Answer and Counterclaim, paid to remove the case, and prepared and already filed its Rule 26 Report. (Doc. # 15, p. 6). In *Stifel*, the Eighth Circuit found that there was no prejudice when the plaintiff "invoked the judicial process and there was some pretrial litigation activity, primarily pleadings and discovery, no issues were litigated and the limited discovery conducted will be usable in arbitration." 924 F.2d at 159. Here, Defendant has expended even less efforts than the defendant in *Stifel*. Defendant has engaged in pleadings, but at the time of Plaintiff's Motion no dispositive motions had been filed by either side and no written discovery had been served. Moreover, the efforts Defendant has expended "will be usable in arbitration." Accordingly, no prejudice will result in sending this case to arbitration.

## CONCLUSION

The arbitration provision in the Contract is valid and enforceable. To show Plaintiff waived the arbitration provision, Defendant must demonstrate that Plaintiff knew of the existing right to arbitrate, acted inconsistently with that right, and that Plaintiff's inconsistent actions prejudiced Defendant. Here, Defendant fails to demonstrate that Plaintiff's failure to request arbitration before filing his Petition prejudiced Defendant. Thus, pursuant to the FAA, the Court must stay the present cause of action pending arbitration. For these reasons and the reasons set forth above, Plaintiff's Motion is GRANTED. The present cause of action is STAYED pending arbitration between Plaintiff and Defendant. The parties are ORDERED to submit joint status reports every ninety days.

**IT IS SO ORDERED.**

                                                  s/ Gary A. Fenner
                                                  GARY A. FENNER, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: September 29, 2014